# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 20-cv-02251-RM-KLM

THE CAPTURE ELEVEN GROUP,

    Plaintiff,

v.

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company

    Defendant/Third-Party Plaintiff

TREEFROG DEVELOPMENT, INC. d/b/a LIFEPROOF,
a Delaware Corporation,

    Defendant,

v.

VERITY HOSKINS PRODUCTION, INC.

    Third-Party Defendant.

## ORDER

This matter is before the Court on "Defendants' Motion to Stay Discovery Pending Ruling on Defendants' Renewed Motion to Dismiss" (the "Motion to Stay") (ECF No. 35), which Plaintiff opposes. Upon consideration of the Motion to Stay, and being otherwise fully advised, the Court finds and orders as follows.

This copyright infringement action was filed on August 24, 2020 based on one copyright registration. Thereafter, three additional copyright registrations were apparently filed and the complaint was amended. After the filing of the amended complaint, Defendants filed a renewed

motion to dismiss (the "Motion to Dismiss") arguing Plaintiff's copyright registration claims are based on a copyright registration (the first registration) that is void *ab initio* and that Plaintiff's subsequently filed copyright registrations do not save its case from dismissal, albeit without prejudice. The Motion to Stay relies on – and was filed concurrently with – the pending Motion to Dismiss. Meanwhile, the scheduling order was entered, and amended, with an extended discovery cut-off date of June 2, 2021 and expert disclosure deadlines in August 2021. The parties have exchanged disclosures and engaged in discovery; they have had one discovery dispute which appears mainly resolved. At issue now is whether, in light of this background, the Motion to Stay should be granted.

Whether to stay discovery is a matter left to the trial court's sound discretion. *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) ("A district court's discovery rulings are reviewed for an abuse of discretion."); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In determining whether to issue a stay, courts in this District generally apply the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Those factors the Court may consider are*:* "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Defendants argue such factors favor a stay. The Court examines the record to determine if it is persuaded, bearing in mind that whether to stay discovery is specific to the facts

and circumstances of the case at issue.

***Plaintiff's interests in proceeding expeditiously and the potential prejudice.*** Plaintiff has a significant interest in proceeding with discovery and moving this case forward. Due to the passage of time since the filing of the Motion to Stay,[1] a stay of discovery in this case would mean extending the already extended deadlines further. Defendants, however, contend that Plaintiff already delayed bringing this action, as Defendants and Plaintiff's predecessor-in-interest were involved in litigation which resulted in a dismissal without prejudice. Defendants have not shown, however, why any alleged delay by Plaintiff's predecessor should be imputed to Plaintiff in this instance, for purposes of evaluating a stay of discovery. Defendants also speculate any stay will be "temporary" or "modest," i.e., short, but that is not so. On the contrary, the Court's pending cases include many trials which have been continued to this year due to the COVID-19 pandemic, including criminal trials which generally take precedence over civil matters. Thus, it is unlikely that any stay will be brief. This factor weighs against a stay.

***The burden on Defendants.*** Defendants contend that, if the Motion to Dismiss is granted, they would have been unnecessarily burdened with discovery. But, that could be said of any case in which there is a pending dispositive motion. And in light of the fact the parties have, by now, already completed most discovery,[2] any additional discovery does not equate to undue burden or prejudice. Nor do they outweigh Plaintiff's substantial interests in proceeding expeditiously.

Defendants also rely on the alleged strength of their Motion to Dismiss. That would, however, require the Court to evaluate the merits of the pending motion. The Court declines to

---

[1] This is due to the Court's balancing of its caseload and no fault of any party.
[2] The Court recognizes the parties were required to continue with discovery absent a stay.

do so because it would be tantamount to reaching a tentative ruling on the pending motion. The Court finds that is not an efficient use of limited judicial resources.

As for any alleged confidential information in which Defendants have a concern about producing, the parties can enter into a protective order to shield such information from inappropriate use or disclosure. In fact, the parties have done so. And, even assuming, *arguendo*, Plaintiff's action is dismissed, without prejudice, and refiled, the discovery in this case is not necessarily for naught. Defendants fail to consider whether the parties may obtain relief from any protective order to allow for the use of discovery obtained in this case for any subsequently filed action. At bottom, any burden to Defendants would not be undue and does not outweigh Plaintiff's substantial interests in moving forward with this action.

***Convenience to the Court.*** Defendants raise concerns about saving the Court's resources, time, and effort based on possible "motion practice" by Plaintiff. First, the Court will not stay discovery based on possibilities. Second, the record shows the parties had one discovery dispute but no improper motion practice by Plaintiff. And, should any future discovery disputes arise, the Court anticipates the parties will work professionally in good faith to attempt to resolve any disputes before it seeks intervention by the court. Thus, this factor does not support a stay.

***Interests of Non-Parties.*** There are no non-parties whose interests would be affected by staying discovery. Accordingly, this factor is irrelevant, i.e., it does not weigh in favor of or against a stay.

***Public Interest.*** The Court finds that delays can "threaten[] the credibility of the justice system," *Chavez v. Young Am. Ins. Co.,* No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), which is not overcome by any facts and circumstances in this case.

***Summary.*** There are cases in which the burden of discovery may support a stay, such as, for example, if a defendant moves to dismiss an entire action based on qualified immunity. *See Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (finding district court properly decided threshold question of immunity prior to permitting discovery); *Smith v. Colorado by & through Polis*, No. 20-CV-03107-RM-KLM, 2021 WL 168442, at *2 (D. Colo. Jan. 19, 2021) (granting stay pending the resolution of a motion for dismissal based on immunity). The Court finds, however, Defendants fail to show this is one of those cases which support a stay. Accordingly, it is

**ORDERED** that Defendants' Motion to Stay Discovery Pending Ruling on Defendants' Renewed Motion to Dismiss (ECF No. 35) is **DENIED**.

DATED this 29th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge