IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02551-RM-KLM

THE CAPTURE ELEVEN GROUP,

    Plaintiff,

v.

OTTER PRODUCTS, LLC, a Colorado Limited Liability Company

    Defendant/Third-Party Plaintiff

TREEFROG DEVELOPMENT, INC. d/b/a LIFEPROOF,
a Delaware Corporation,

    Defendant,

v.

VERITY HOSKINS PRODUCTION, INC.

    Third-Party Defendant.

## ORDER

This matter is before the Court on Plaintiff The Capture Eleven Group's Motion to Consolidate Co-Pending Cases Between the Parties and to Stay the Second Action (the "Motion to Consolidate") (ECF No. 77). The Motion to Consolidate seeks to consolidate Civil Action No. 21-cv-00068-RBJ (the "Second Filed Action") with this action (Civil Action No. 20-cv-02551) (the "First Filed Action"). Plaintiff's Second Filed Action was a protective filing seeking to avoid the running of the statute of limitations should the First Filed Action be dismissed without prejudice based on Defendants' pending Motion to Dismiss. The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial

officer from ruling on a motion at any time after it is filed.").

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, in actions which involve "a common question of law or fact," the court may consolidate the actions or issue any other orders to avoid unnecessary cost or delay. Under this District's Local Rules, "[a] motion to consolidate…shall be decided by the district judge to whom the lowest numbered case is assigned." D.C.COLO.LCivR 42.1. Whether to consolidate is vested in the broad discretion of the district court. *American Employers' Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976). Upon the Court's review of the two actions at issue, it finds they involve common – indeed, identical – questions of law or fact, parties,[1] and claims. Both actions are based on Defendants' alleged infringement of copyrights. In addition, the Court finds that consolidation of these two actions will promote judicial efficiency and avoid unnecessary costs and delays. *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) ("Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action."); Fed. R. Civ. P. 1 (the federal rules shall be "construed, administered, and employed" "to secure the just, speedy, and inexpensive determination of every action"). Accordingly, the Court finds consolidation of the two actions for all purposes is appropriate. And, under the facts and circumstances of this case, the Court finds a stay of the Second Filed Action until further order of the Court is warranted. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) ("where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed"). It is therefore

**ORDERED**

(1) That Plaintiff The Capture Eleven Group's Motion to Consolidate Co-Pending Cases

---

[1] Capture Eleven LLC is an additional plaintiff in the Second Filed Action, but this does not preclude consolidation.

Between the Parties and to Stay the Second Action (ECF No. 77) is GRANTED;

(2) That Civil Action No. 21-cv-00068-RBJ is consolidated with the above-captioned action (Civil Action No. 20-cv-02551-RM-KLM) for all purposes;

(3) That Magistrate Judge Mix shall be the sole referral magistrate judge in this consolidated action;

(4) That all papers in this consolidated action shall be filed in the lowest case number, No. 20-cv-02551-RM-KLM;

(5) That, once consolidated, Civil Action No. 21-cv-00068, shall be STAYED until further order of the Court; and

(6) That this Order shall also be filed in Civil Action No. 21-cv-00068-RBJ.

DATED this 4th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge