IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-02551-CNS-KLM *consolidated with 1:21-cv-00068-CNS-KLM*

CAPTURE ELEVEN LLC, a California limited liability company,

Plaintiff/Counter Defendant,

v.

OTTER PRODUCTS, LLC, a Colorado limited liability company,

Defendant/Third-Party Plaintiff/Counter Claimant, and

TREEFROG DEVELOPMENTS, INC., a Delaware corporation d/b/a LifeProof,

Defendant/Counter Claimant,

v.

VERITY HOSKINS PRODUCTION, INC.,

Third-Party Defendant.

---

**ORDER**

---

This matter is before the Court on the parties' submissions regarding choice of law. On September 1, 2022, the Court held oral argument on Plaintiff's Motion for Summary Judgment, which was denied. (ECF Nos. 88, 126). During the hearing, it became clear that the parties were in dispute about choice of law and the Court ordered supplemental briefing on whether a certain state or federal law applied to the revocability of a nonexclusive copyright license with an undefined duration. (ECF No. 127, pp. 61-69).

## I. FACTS

Plaintiff filed an Amended Complaint on October 27, 2020, raising the claims: (1) all-uses infringement, (2) post-termination infringement, (3) outside-scope infringement, and (4) indirect infringement, all in violation of 17 U.S.C. §§ 106, 501 *et seq*. (ECF No. 23). Defendant Otter Products, LLC (Otter) raised ten affirmative defenses and three counterclaims. In particular, Otter raised the affirmative defense of non-infringement due to the doctrine of implied license. (ECF No. 91). On July 16, 2021, Plaintiff filed a motion for summary judgment, which this Court denied. (ECF Nos. 88, 126). In the motion, Plaintiff argued that it was entitled to summary judgment under four theories: (1) all-uses infringement and no implied license; (2) outside-scope infringement of the implied license with limited rights; (3) post-termination infringement of a revoked implied license; or (4) outside-scope infringement of an irrevocable license with beyond-scope uses. (ECF No. 88, pp. 18-25). As the Court previously noted during oral argument, the issues of whether there was an implied license or if the license was revocable between 2016 and 2018 are issues for the factfinder.[1] The Court will limit its analysis to whether state or federal law controls the issue of revocation, regardless of the legal theory. (*See* ECF No. 127, pp. 57-69).

The Court ordered briefing on the issue of whether state or federal law applies to revocation in this case, with optional briefing on whether California law or Colorado law applied. (*Id.*, pp. 66-67). Plaintiff argues that (1) state law applies to the determination of duration and termination of implied copyright licenses and (2) there is no conflict between the laws of California and Colorado, (but applied California law to the majority of its analysis) and that contracts of an

[1] There is also the issue of whether Plaintiff is a co-owner of the copyrights, as Defendant Otter argues that it is a co-author of the images. (ECF No. 100, p. 24).

indefinite duration are terminable at will. (ECF No. 129). Defendants argue that (1) federal law preempts state law regarding the revocability of implied licenses and (2) California law is limited to the issues of formation and breach. (ECF No. 130).

## II. ANALYSIS

The primary issue is whether there is a conflict of laws and if the choice of law matters. "When more than one body of law may apply to a claim, the Court need not choose which body of law to apply unless there is an outcome determinative conflict between the potentially applicable bodies of law." *SELCO Cmty. Credit Union v. Noodles & Co.*, 267 F.Supp.3d 1288, 1292 (D. Colo. 2017) (internal quotations omitted). "If there is no outcome determinative conflict in the potentially applicable bodies of law, the law of the forum is applicable." *Iskowitz v. Cessna Aircraft Co.*, No. 07-CV-00968-REB-CBS, 2010 WL 3075476, at *1 (D. Colo. Aug. 5, 2010) (internal citation and quotations omitted). The parties agree that there is an outcome determinative conflict between federal law and state law on the issue of revocation of a copyright license with an undefined duration. Additionally, Defendants contend that there is no nexus of events tied to Colorado, thus the Court will proceed with its analysis.

### A. Federal Preemption for a Copyright Claim

The main debate between the parties pertains to whether federal law preempts state common law when determining if a nonexclusive copyright license of an unspecified length is terminable at will by either party. The Tenth Circuit has not addressed this issue. Plaintiff, citing *Walthal v. Rusk*, 172 F.3d 481 (7th Cir. 1999), argues that state contract common law generally controls the formation, duration, and termination of a nonexclusive license with no specified length. (ECF No. 129, pp. 4-7). Conversely, Defendants, citing *Rano v. Sipa Press, Inc.*, 987 F.2d

580 (9th Cir. 1993), argue that California contract common law directly conflicts with Section 203 of the Copyright Act (17 U.S.C. § 203), the state common law is preempted by federal law, and the revocability of a licensing agreement with a non-specified duration is controlled by the Copyright Act. (ECF No. 130, pp. 2-4).

In *Rano*, the Ninth Circuit examined Section 203 and California common law as it pertained to an oral non-exclusive copyright license of unspecified duration between the parties for photographs and negatives. 987 F.2d at 585. Under state common law, an agreement that did not contain a specified duration was terminable at will by either party. *Id*. However, under Section 203, the Ninth Circuit held that unless the licensing agreement specified an earlier termination date, the agreement was only terminable at will during the final five years of a thirty-five-year license period. *Id*. Federal courts in the Ninth Circuit have further determined that the existence of an implied license is analyzed using state contract common law. *Furie v. Infowars, LLC*, 401 F. Supp. 3d 952, 968 (C.D. Cal. 2019). But courts in the Ninth Circuit have determined that if the implied, nonexclusive license is unsupported by consideration, it is revocable at will; if supported by consideration, it is only revocable as defined in *Rano* under Section 203. *Sprengel v. Mohr*, No. CV 11-08742-MWF SPX, 2013 WL 645532, at *9 (C.D. Cal. Feb. 21, 2013).

Conversely, Plaintiff relies upon *Walthal*, wherein the Seventh Circuit disagreed with the Ninth Circuit and determined that state contract common law pertained to the transfer of interests under the Copyright Act. 172 F.3d at 484. The Seventh Circuit noted:

> In this context it makes no sense that a 35–year period be considered a minimum under the statute. If the term of the license originally granted was less than 35 years, the statute simply does not compel that the license be effective for 35 years. And even the *Rano* court did not go so far. The Ninth Circuit said that § 203 means that agreements are terminable only after 35 years "unless they explicitly specify an earlier termination date." But the court nevertheless determined that if the

> agreement contained no termination date, it must continue for 35 years because § 203 preempted state contract law providing for termination at will of contracts of unspecified length. By this reasoning, a contract for a specific term of less than 35 years does not conflict with the 35–year period but a contract which is terminable at will by operation of law does.

*Id.* at 485 (citations omitted).

This Court agrees that the *Rano* decision does not clearly articulate its reasoning for why Section 203 preempts state common law. The Seventh Circuit further highlighted that Section 203(b)(5) specifically provided that termination of a grant under the Copyright Act "in no way affects rights arising under any other Federal, State, or foreign laws." 17 U.S.C. § 203(b)(5). Indeed, the Ninth Circuit itself has held that federal courts rely on state law to fill in the gaps of federal statutes. *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 988 n.2 (9th Cir. 2003) ("The decision in *Rano* has been called into serious question by courts as well as commentators."); *see also Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1045 n.8 (9th Cir. 2005) (citations omitted) ("Whatever views one may have regarding the correctness of the narrow holding of *Rano*, it cannot be said that *Rano* suggests a ruling that would nullify a mutual decision to revoke a grant of rights."); *Korman v. HBC Fla., Inc.*, 182 F.3d 1291, 1294-97 (11th Cir. 1999) (rejecting *Rano* and holding that state common law rather than Section 203 governs the revocability of a license with an undefined duration). The Court finds that the Seventh Circuit is correct in its holding that the Copyright Act does not preempt state common law in determining the revocability of a nonexclusive license with an undefined duration. *See Walthal*, 172 F.3d at 485. Ultimately, the Court finds that "[c]opyright licenses are a type of contract and, therefore, governed by common law contracting principles." *Bitmanagement Software GmBH v. United*

*States*, 989 F.3d 938, 946 (Fed. Cir. 2021) (citing *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1130 (9th Cir. 2006)).

While Defendants argue that courts in this district have consistently relied upon Ninth Circuit authority when examining implied licenses and finding that consideration renders the implied license irrevocable, it also appears to this Court this might be because no prior party has contested the application of Ninth Circuit caselaw. *See Xtomic, LLC v. Active Release Techniques, LLC*, 460 F. Supp. 3d 1147, 1152 (D. Colo. 2020) ("The Tenth Circuit has not adopted the *Effects* test but the parties agree that it is determinative of the issues here."). Regardless, this Court is only rejecting the holding in *Rano*, wherein the Ninth Circuit held that an agreement was only terminable at will during the final five years of a thirty-five-year license period under Section 203 of the Copyright Act. *See Rano*, 987 F.2d at 585. Nonetheless, prior decisions by a federal district court judge are "not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Having determined that state common law controls the analysis surrounding revocability, the Court next turns to what state law should apply.

**B. California Law Versus Colorado Law**

"A federal court applies the choice of law rules of the state in which the district court sits." *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1143 (10th Cir. 2009). The Court has subject matter jurisdiction under both 28 U.S.C. §§ 1331 and 1332. In a diversity action, the Court applies the substantive laws of the forum state, including its choice of law rules. *See Elliot v. Turner Constr. Co.*, 381 F.3d 995, 1001 (10th Cir. 2004). The forum state in this case is Colorado. Under Colorado's choice of law rules, the law of the state with the "most

significant relationship" to the claims is used. *Morgan v. United Air Lines, Inc.*, 750 F. Supp. 1046, 1054 (D. Colo. 1990); *Chemiti v. Kaja*, No. 13-CV-00360-LTB-KMT, 2015 WL 585594, at *2 (D. Colo. Feb. 11, 2015) ("Absent an effective choice of law by the parties, the Restatement's approach is to locate the jurisdiction having the most significant relationship to the particular issue.") (citation and internal quotations omitted). Under Section 188 of the Restatement, a court looks to the following factors to determine what state has an interest in the transaction: (1) "the place of contracting"; (2) "the place of negotiation of the contract"; (3) "the place of performance"; (4) "the location of the subject matter of the contract"; and (5) "the domicil, residence, nationality, place of incorporation and place of business of the parties." Restatement of Conflict of Laws § 188.

The nexus of events occurred in California and the Court finds that California has the most significant relationship to the claims in this case: Plaintiff is a California limited liability company, a significant number of the photoshoots took place in California, the disputed photographs were delivered to parties located in California, the LifeProof brand is based in California, and several of Defendants' employees were either based in California or traveled between Colorado and California for work. (ECF No. 127, pp. 64-65). Here, the only connection to Colorado is that Defendant Otter is a Colorado limited liability company. Accordingly, the Court finds that California law is appropriate. The Court will not go further in its analysis to determine whether there is an implied license or if it was revocable, as these matters are appropriate for determination by the factfinder at trial.

DATED this 5th day of October 2022.

BY THE COURT:

__________________________________
Charlotte N. Sweeney
United States District Judge