# Exhibit 15

Excerpts, December 12, 2022
Expert Report of Kevin Arst



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-2551-CNS-KLM

**THE CAPTURE ELEVEN GROUP,**

Plaintiff,

v.

**OTTER PRODUCTS, LLC, and TREEFROG DEVELOPMENTS, INC.**

**Defendants.**

**EXPERT REPORT OF KEVIN M. ARST**

December 12, 2022

*CONFIDENTIAL – ATTORNEYS' EYES ONLY*



3. **ASSIGNMENT AND INFORMATION CONSIDERED**

I have been retained by Merchant and Gould P.C. on behalf of Otter Products, LLC. ("Otter Products") d/b/a LifeProof ("LifeProof") and Treefrog Developments, Inc.[1] to provide my opinions on measures of monetary relief to compensate The Capture Eleven Group ("Capture Eleven") for the alleged unauthorized use its copyrighted photographs. ==I have also been asked to review and assess Capture Eleven's claims for monetary relief as advanced in the November 14, 2022 expert report of David Drews== (the "Drews Report").

In rendering my opinion and in accordance with standard practice followed in the evaluation and calculation of damages in litigation, I have assumed that liability will be found against Otter for the conduct alleged in Capture Eleven's Amended Complaint, thereby entitling Capture Eleven to potential monetary relief. This assumption does not imply that such liability exists, or that I have been engaged to provide opinions about liability issues.

In connection with my work in this matter, I have reviewed and assessed documents that were produced by Otter, Capture Eleven, and third-party defendant Verity Hoskins Productions, including, but not limited to:

- Accounting records;
- Financial statements; and
- Agreements and invoices involving images taken by Mr. L'Heureux.

I supplemented my investigation of the document productions with my own independent research into publicly available information, including, but not limited to:

- Company websites;
- Press releases; and
- Public materials and websites cited in the Drews Report.

I have also relied upon deposition transcripts of various witnesses, including:

- Mr. Andrew Headrick, Otter Financial Manager, July 28, 2021;
- Ms. Verity Hoskins, Verity Hoskins Productions, Inc., August 9, 2021;
- Mr. Michael Kirby, Creative Director, July 21 and 22, 2021;
- Mr. Justin L'Heureux, Capture Eleven, May 20, 2021, May 21, 2021;
- Ms. Janice Moses, Janice Moses Represents, September 3, 2021; and
- Mr. David Oldfield, former Lead Creative at Otter, May 5, 2021.

---

[1] I may refer to Otter Products and TreeFrog Developments, Inc. collectively as "Otter."



I have also had discussions with Dr. Robert Zeithammer,[2] a survey expert retained by Otter, Gary Elsner,[3] an industry expert retained by Otter, and Otter personnel, including Mr. Andrew Headrick,[4] Ms. Alex Vats (née Ross),[5] and Mr. Michael Kirby.[6]

A list of the documents that I relied upon for purposes of this preliminary report is attached as Appendix B.  However, it is important to note that the opinions and conclusions contained in this report are based on the information that has been made available to me to date.  ==I understand that Otter contends that the Drews Report cites information not produced during discovery and that additional information relevant to the determination of damages may become available subsequent to the issuance of this report.  Accordingly, my opinions and conclusions contained herein should be considered preliminary and subject to change based on further developments in or relevant to this case, such as additional discovery, the testimony of fact or expert witnesses, or rulings of the Court.==  Additionally, I may prepare demonstrative exhibits to help me explain or illustrate concepts contained in this report at trial.  The balance of this report contains a summary of my current opinions and the basis for those opinions.

### 4. BACKGROUND

In order to place my opinions in context, I first provide background on the parties relevant to this litigation.  I have relied on research into publicly available information to supplement the document production made available by the parties.  My consideration of this material is consistent with the practices of my peers who evaluate damages in commercial litigation.

#### A. Otter Products and the LifeProof Brand

Otter Products was originally incorporated in 1998 as a custom injection molder that designed products tailored to the outdoor enthusiast.[7]  Since that time, the company has been primarily engaged in the design, development, and marketing of protective cases for a wide variety of electronic devices.[8]  TreeFrog Developments, Inc. was likewise historically engaged in the design, development, and marketing of protective cases for a wide variety of electronic devices, including through the initial conception and development of the LifeProof brand.[9]  In May 2013, TreeFrog Developments, Inc. was acquired by OtterBox Holdings, Inc., a company that shares common owners with Otter Products.[10]  Intellectual property for the LifeProof brand is licensed to Otter Products, including the right to use various marks.[11]  Otter Products registered the "d/b/a" for LifeProof in the state of Colorado in 2014.[12]  Today, Otter Products sells protective cases for smart phones and other products through its OtterBox

---

[2] Discussion with Mr. Elsner was held on December 11, 2022.
[3] Discussion with Dr. Zeithammer was held on December 10, 2022.
[4] Discussion with Mr. Headrick was held on September 24, 2021.
[5] Discussion with Ms. Vats was held on September 22, 2021.
[6] Discussions with Mr. Elsner were held on September 22, 2021 and December 12, 2022.
[7] OP0004452 – 479 at 460.
[8] OP0004452 – 479 at 460.
[9] https://www.lifeproof.com; Discussions with Michael Kirby.
[10] OP0004452 – 479 at 460.
[11] OP0011075; OP0011073.
[12] ECF 101-3.



> Additionally, as discussed in Section 8.D above, the parties to the hypothetical negotiation would recognize that Otter had non-infringing alternatives available that would serve to exert downward pressure on the hypothetical license fee.

## 9. PREJUDGMENT INTEREST

From an economic analysis standpoint, a time-value-of-money award would be necessary to compensate Capture Eleven for the loss of use of funds during the damages period.  However, I understand that an award of prejudgment interest is a legal matter and that the Court has substantial discretion in determining the interest rate and compounding method to be awarded.  I am prepared to submit a prejudgment interest calculation if and when I am asked to do so by counsel or the court.

## 10. SIGNATURE

Respectfully,

| | |
|---|---|
| *[signature]* | December 12, 2022 |
| _____ | _____ |
| Kevin Arst | Date |