IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-02551-CNS-KLM
*consolidated with 1:21-cv-00068-CNS-KLM*

THE CAPTURE ELEVEN GROUP, a California corporation,

 Plaintiff/Counter-Defendant,

v.

OTTER PRODUCTS, LLC, a Colorado limited liability company,

 Defendant/Counter-Plaintiff/Cross-Claimant,

v.

VERITY HOSKINS PRODUCTION, INC.,

 Third-Party Defendant.

---

## ORDER

---

Before the Court is Defendant's Motion to Strike Contentions and Related Evidence Not Disclosed in Fact Discovery (ECF No. 141). For the following reasons, the Court DENIES the motion.

### I.  BACKGROUND

On October 21, 2020, Capture Eleven served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) (*see* ECF No. 141-10). In a section entitled "Documents Plaintiff May Use to Support its Claims," Capture Eleven listed "[a]ll records previously exchanged between the parties

1

in the prior District of Colorado lawsuit"[1] (*id.* at 5). Six days later, on October 27, 2020, Capture Eleven filed its First Amended Complaint; Exhibit K to the complaint included copies of the majority of the accused images and infringing uses underlying Capture Eleven's suit (*see* ECF Nos. 23, 23-15).

Later, Otter propounded its first requests for production (RFPs), including RFP No. 17:

> All documents, other than those produced in response to any of the foregoing requests and those produced as part of Plaintiff's initial disclosures, on which Plaintiff intends to rely in connection with this lawsuit.

(ECF No. 141-6 at 11). On December 21, 2020, Capture Eleven responded to RFP No. 17 with boilerplate objections—i.e., that the documents were privileged, the request was "premature," and the request failed to "describe with reasonable particularity the item or category of items to be inspected" (*id.*).

On February 20, 2021, Otter further propounded its second set of interrogatories, including Interrogatory No. 10:

> For each Accused Image that Plaintiff asserts Defendants have infringed a copyright or used outside the scope of an implied license, identify and describe each use Defendants were permitted to make that would not infringe Plaintiff's rights or the scope of an implied license, including a table listing each Accused Image, an identification of the permitted uses of each such Accused Image and non-permitted uses of each such Accused Image.

(ECF No. 141-5 at 10). On March 19, 2021, Capture Eleven served its answers and objections; for Interrogatory No. 10, Capture Eleven listed 7 accused images, for which it identified 18 permitted uses and 15 non-permitted uses (*id.* at 12–15).

---

[1] This disclosure apparently refers to the parties' former lawsuit voluntarily dismissed in 2019. *See* No. 1:18-cv-01724-CMA-NYW.

On November 14, 2022, Capture Eleven disclosed the report of its damages expert, Dr. David Drews, which indicated that Capture Eleven was seeking damages related to 92 allegedly unauthorized uses of its images (*see* ECF No. 142). Otter alleges that during fact discovery, Capture Eleven never supplemented its initial Rule 26 disclosures, nor did it supplement its responses to RFP No. 17 and Interrogatory No. 10, to reflect the full scope of the accused images and non-permitted uses for which it now seeks damages (*see* ECF No. 141 at 2–3, 5–6). Otter filed the instant motion, seeking under Fed. R. Civ. P. 26(e) and 37(c)(1) to strike any accused images and non-permitted uses that were belatedly disclosed.

## II.  LEGAL STANDARD

Under Rule 26(e), a party who either has made a mandatory Rule 26(a) disclosure, or has responded to an interrogatory, request for production, or request for admission, must timely supplement or correct its disclosure or response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Gallegos v. Swift & Co.*, No. 04-cv-01295-LTB-CBS, 2007 WL 214416, at *2 (quoting *Sender v. Mann*, 225 F.R.D. 645, 654 (D. Colo. 2004)). "A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Id.* (quoting *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir.2003)).

Under Rule 37(c)(1), if a party fails to supplement material information per the requirements of Rule 26(e), the party may not use that information to supply evidence at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The Court has broad discretion in determining whether the Rule 26 violation was substantially justified or harmless, and the court need not make explicit findings on this issue. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted). When exercising its discretion, the Court looks to several factors: "(1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. "A trial court has considerable discretion to determine an appropriate sanction under Rule 37 and the particular circumstances of a given case." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *17 (D. Colo. Feb. 8, 2010) (citation omitted).

### III.  ANALYSIS

For substantially the reasons Capture Eleven sets forth in its response, the Court finds that Capture Eleven did not fail to disclose the accused images and non-permitted uses relied upon by Dr. Drews in his report. In particular, the Court agrees with Capture Eleven that throughout the course of fact discovery, Otter was repeatedly placed on notice of its alleged infringing uses.

During a discovery dispute hearing on April 8, 2021, for instance, the parties and the Court engaged in an extended discussion regarding the scope of Capture Eleven's infringement allegations, including specifically how many accused images and non-permitted uses were at issue in the case (*see* ECF No. 87 at 19–37). Counsel for Otter represented that only approximately 5–7

4

images identified in the First Amended Complaint were at issue (*see id.* at 19:16–20, 31:16–18). In response, counsel for Capture Eleven stated that *all* of its copyright-registered images are alleged to have been infringed, which amounts to approximately 50–60 images (*see id.* at 25:22–26:3, 27:16–28:8, 31:20–33:2). Of note, the Court's written order resolving this discovery dispute explicitly corrected Otter on this point (*see* ECF No. 80 at 8 ("Contrary to Defendants' assertion, Plaintiff's copyright infringement claim is not limited to the seven photographs discussed in the [First Amended Complaint].")). As such, both Capture Eleven and this Court put Otter on notice— approximately four months prior to the close of fact discovery on August 3, 2021—that Capture Eleven was relying on *all* copyright-registered images as at issue in this case, and that the non-permitted uses Capture Eleven alleges included *all* of Otter's uses outside the agreed-upon scope.

Similarly, at other times prior to the close of fact discovery, Capture Eleven put Otter on notice of the scope of the accused images and non-permitted uses at issue in the case. For instance, during his May 20, 2021, deposition, Justin L'Heureux testified that he provided screenshots from his own infringement investigation to Otter (*see* ECF No. 154-5 at 171:6–172:1). Further, in its initial Rule 26 disclosures, Capture Eleven incorporated the infringing images at issue from the parties' prior lawsuit (*see* ECF No. 141-10 at 5), and Exhibit K to the First Amended Complaint included many of those images as well (*see* ECF Nos. 23, 23-15).

In view of these factors, the Court cannot agree with Otter that Capture Eleven concealed or failed to disclose the scope of the images at issue within the meaning of Rules 26 or 37. Nevertheless, for the sake of clarity in advance of trial, the Court will order Capture Eleven to supplement its Rule 26 disclosures and discovery responses to set forth the full scope of the accused images and non-permitted uses at issue in this case.

## IV.  CONCLUSION

Consistent with the foregoing analysis, it is HEREBY ORDERED that:

1. Defendant's Motion to Strike Contentions and Related Evidence Not Disclosed in Fact Discovery (ECF No. 141) is DENIED; and

2. Within 14 days, Capture Eleven will supplement its Rule 26(a)(1)(A) disclosures and discovery responses to specifically list *all* accused images and infringing uses on which it intends to proceed at trial.

DATED this 29th day of September 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge