IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

| THE CAPTURE ELEVEN GROUP,<br>           Plaintiff/Counter-Defendant,<br><br>v.<br><br>OTTER PRODUCTS, LLC,<br><br>           Defendant/Counter-Plaintiff, | Civil Action No. 20-cv-02551-CNS-KAS<br>*Consolidated with 1:21-cv-00068-CNS-KAS*<br><br><br>**VERDICT FORM** |

## SECTION I

| | |
|---|---|
| **Copyright Registrations** | Registration No. VA 2-219-648 (the '648 Registration)<br>Registration No. VA 2-241-728 (the '728 Supplement)<br><br>*Riverside and Oceanside Productions* |

1. Did Capture Eleven prove that Otter copied the asserted images, or created a derivative work of the asserted images, in the '648 Registration and its '728 Supplement?

    ☒  Yes (finding for Capture Eleven)

    ☐  No (finding for Otter)

*If you answered "Yes" to Question 1, proceed to Question 2.*
*If you answered "No" to Question 1, skip to Section II and do not answer any remaining questions in this Section I.*

2. Were any asserted images from the '648 Registration and its '728 Supplement co-authored by Julian Kelly while working within the scope of his employment for Otter?

    ☐  Yes (finding for Otter)

    ☒  No (finding for Capture Eleven)

*If you answered "Yes" to Question 2, skip to Section II and do not answer any remaining questions in this Section I.*
*If you answered "No" to Question 2, proceed to Question 3.*

1

3. Did Otter have an implied license to use the asserted images of the '648 Registration and its '728 Supplement?

    ☒    Yes (finding for Otter)

    ☐    No (finding for Capture Eleven)

*If you answered "Yes" to Question 3, proceed to Question 4.*
*If you answered "No" to Question 3, skip to Question 5 and do not answer Question 4.*

4. Did Otter use the asserted images in the '648 Registration and its '728 Supplement outside the scope of any implied license?

    ☒    Yes (finding for Capture Eleven)

    ☐    No (finding for Otter)

*If you answered "Yes" to Question 4, proceed to Question 5.*
*If you answered "No" to Question 4, skip to Section II and do not answer Question 5.*

5. Please enter the amount of actual damages Capture Eleven incurred, if any, as a result of Otter's use of the asserted images of the '648 Registration and its '728 Supplement for the following time periods:

    a. On or after **August 24, 2017**: $ _0_

    b. On or after **June 1, 2018**: $ _57,000_

*Proceed to Section II.*

## SECTION II

| Copyright Registrations | Registration No. VA 2-219-647 (the '647 Registration) Registration No. VA 2-241-732 (the '732 Supplement) *San Diego and Vancouver Productions* |
|---|---|

6. Did Capture Eleven prove that Otter copied the asserted images, or created a derivative work of the asserted images, in the '647 Registration and its '732 Supplement?

    ☒ Yes (finding for Capture Eleven)

    ☐ No (finding for Otter)

*If you answered "Yes" to Question 6, proceed to Question 7.*
*If you answered "No" to Question 6, skip to Section III and do not answer any remaining questions in this Section II.*

7. Were any asserted images from the '647 Registration and its '732 Supplement co-authored by Julian Kelly while working within the scope of his employment for Otter?

    ☐ Yes (finding for Otter)

    ☒ No (finding for Capture Eleven)

*If you answered "Yes" to Question 7, skip to Section III and do not answer any remaining questions in this Section II.*
*If you answered "No" to Question 7, proceed to Question 8.*

8. Did Otter have an implied license to use the asserted images of the '647 Registration or its '732 Supplement?

    ☒ Yes (finding for Otter)

    ☐ No (finding for Capture Eleven)

*If you answered "Yes" to Question 8, proceed to Question 9.*
*If you answered "No" to Question 8, skip to Question 10 and do not answer Question 9.*

9. Did Otter use the images asserted in the '647 Registration and its '732 Supplement outside the scope of any implied license?

    ☒ Yes (finding for Capture Eleven)

    ☐ No (finding for Otter)

3

*If you answered "Yes" to Question 9, proceed to Question 10.*
*If you answered "No" to Question 9, skip to Section III and do not answer Question 10.*

10. Please enter the amount of actual damages Capture Eleven incurred, if any, as a result of Otter's use of the asserted images of the '647 Registration and its '732 Supplement for the following time periods:

    a. On or after **August 24, 2017**: $ __0__

    b. On or after **June 1, 2018**: $ __57,000.00__

*Proceed to Section III.*

## SECTION III

*In answering Question 11, you may only consider the following five images used on LifeProof packaging. Further, of these five, you may only consider those images that you find were infringed (for which Otter failed to prove an affirmative defense).*

- Dirtbike 1_11/2016_L__9498.jpg        (Dirtbiker)
- Skateboarding_11/2016_L__0423.jpg     (Skateboarder)
- San Diego_5/2017_8V2A1116.jpg         (Longboarder)
- Vancouver_8/2017_8V2A3077.jpg         (Running Woman)
- Vancouver_8/2017_8V2A0538.jpg         (Commuter Cyclist)

11. Please state the amount of Otter's ***profit*** attributable, if any, to the use of the asserted images listed above that was outside the scope of an implied license for the time periods listed below. If your answers to both Questions 4 and 9 were "No," your answers for both time periods listed below should be zero dollars ($0). Similarly, if your answers to both Questions 2 and 7 were "Yes," your answers for both time periods listed below should be zero dollars ($0).

    a. On or after **August 24, 2017**: $ __0__

    b. On or after **June 1, 2018**: $ __3.0 MILLION__
    THREE MILLION DOLLARS

[JUROR INITIALS REDACTED]

*Please sign and return this verdict form.*

5

## CERTIFICATION

If your answers to the foregoing questions constitute your true verdict in this case, sign and date the following section. Once you have done so, inform the Court by note that you are ready to return to the courtroom for announcement of your verdict.

By our signatures and our answers to these questions, we hereby certify that the answers on this form represent the unanimous verdict of the jury.

**JUROR NAMES REDACTED**