IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Lead Civil Action No. 1:20-cv-02551-CNS-KAS
*Consolidated with Civil Action No. 1:21-cv-00068-CNS-KAS*

THE CAPTURE ELEVEN GROUP, a California corporation,

    Plaintiff/Counter-Defendant,

v.

OTTER PRODUCTS, LLC, a Colorado limited liability company,

    Defendant/Counter-Plaintiff/Cross-Claimant,

v.

VERITY HOSKINS PRODUCTION, INC.,

    Third-Party Defendant.

## ORDER

The Court has thoroughly analyzed the parties' dueling post-trial briefs on the issues of revocation. ECF No. 319 (Plaintiff's Opening Brief); ECF No. 320 (Defendant's Opening Brief); ECF No. 321 (Defendant's Response); ECF No. 322 (Plaintiff's Response). For the reasons below, the Court agrees with Plaintiff The Capture Eleven Group that the jury's verdict should not be disturbed.

### I. BACKGROUND

Plaintiff filed its complaint in this matter on August 24, 2020, alleging infringement

1

of photographs taken at productions planned, organized, and funded by Defendant Otter Products, LLC. Plaintiff pursued claims limited to images taken at four productions: Riverside, Oceanside, San Diego, and Vancouver (the Asserted Images). The trial proceeded to verdict on March 12, 2024, where the jury found that "Otter use[d] the images asserted in the '648 Registration and its '728 Supplement outside the scope of any implied license." *See* ECF No. 309 (verdict form) at 2, question 4. The jury also found that "Otter use[d] the images asserted in the '647 Registration and its '732 Supplement outside the scope of any implied license." *Id.* at 3, question 9. The jury went on to find that "the amount of Otter's profit attributable, if any, to the use of the asserted images listed above that was outside the scope of an implied license for the time periods listed below." *Id.* at 5, question 11. The jury found the value of actual damages for, and profits attributable to, use of the Asserted Images to be $114,000 and $3 million, respectively. *Id.* at 2, question; *id.* at 4, question 10; *id.* at 5, question 11.

Following the verdict, the Court determined that it would be prudent to determine the issue of revocation before judgment enters. ECF No. 310. It thus directed the parties to brief the issue of revocability, which the parties did in ECF Nos. 319–22. That issue is now ripe.

## II.  ANALYSIS

Plaintiff argues that any determination regarding revocation is unnecessary because whether any implied license was revoked will not affect the jury's verdict in this case. ECF No. 319 at 1–2. Defendant argues that the Court must reach a decision on

2

revocation because the license is irrevocable and thus the jury's verdict must be overturned. The Court agrees with Plaintiff.

Following a week-long trial, the jury determined that Defendant used the asserted images *outside* the scope of any implied license. ECF No. 309 at 2, question 4; *id.* at 5, question 11. It thus follows that there was nothing Plaintiff needed to revoke because outside of scope uses were not allowed by any implied license in the first place. Stated differently, whether the implied license was revoked is irrelevant because use outside the scope of an implied license is by definition unlicensed and not permitted use and, thus, there is nothing to revoke. This is consistent with the Court's jury instruction number 26 regarding "Revocation of Implied License," which states, "[i]f you find that an implied license existed *and that Otter's use did not exceed its scope*, the Court will determine whether that implied license was revoked." *See* ECF No. 307 at 29 (emphasis added).

Defendant does not explain any legal basis for the Court to expand the scope of the implied license beyond the jury's factual finding or to reverse the jury's finding that Defendant's use of the Asserted Images was outside the scope. Indeed, Defendant's argument centers around the damage time frames that it suggested. Though tempting, the Court remains convinced that the jury understood and followed the Court's instructions. In that vein, Defendant fails to demonstrate that the jury's verdict was not supported by substantial evidence. Absent such a finding, the Court cannot set aside the jury's findings.

Further, the Court is convinced that there are multiple possible bases for the jury's determinations. Four examples bear this out. First, a juror asked Mr. L'Heureux a question

3

related to the subject time periods and was unrelated to revocation: "Can you provide dates or date ranges of the screenshots presented as evidence of improper use?" *See* ECF No. 322 at 3. Mr. L'Heureux responded that he believed it was May 28 or June 28, 2018. *Id.* It is reasonable that the jury could have found that Plaintiff only proved infringement after May 28, 2018. Second, the Court instructed the jury that it would decide whether any implied license was revoked. Instruction number 26 asked, "[i]f you find that an implied license existed and that Otter's use did not exceed its scope, the Court will determine whether that implied license was revoked." ECF No. 327 at 29. The jury found that Otter's use did exceed the scope of any implied license, and there is no basis to conclude that the jury ignored the Court's explicit instructions.

Third, Defendant's closing argument explicitly referenced and reminded the jury of the Court's instruction for them to not to determine the issue of revocation: "[t]he judge is reserving that question [of revocation], so you're not going to see that on your verdict form. When you think about implied license, you should think about that separate from that issue." And fourth, the verdict form question concerning profits explicitly asked the jury to make its award for "the use of the asserted images listed above *that was outside the scope of an implied license for the time periods listed below*." ECF No. 309 at 5, question 11 (emphasis added). This question is expressly limited to outside of scope uses, for which revocation is irrelevant.

Lastly, the Court finds that Defendant waived any claim of inconsistency by not objecting to the verdict before the jury was discharged because the verdict was a general verdict with interrogatories.

4

Because the jury determined that Otter's use did exceed the scope of any implied license, it is not necessary for the Court to reach the issue of revocation.[1]

## IV.  CONCLUSION

Consistent with the above analysis, the Court declines to disturb the jury's verdict. The Court orders as follows:

(1)  The Clerk of Court is directed to deny as moot the pending post-trial briefs, ECF Nos. 319 and 320, and enter judgment in favor of Plaintiff The Capture Eleven Group against Defendant Otter Products, LLC.

(2)  The Clerk of Court is directed to close the consolidated case 1:21-cv-00068-CNS-KAS, *Capture Eleven Group, The et al v. Otter Products, LLC et al*.

(3)  The Court orders that Defendant Otter Products, LLC confer with Third-Party Defendant Verity Hoskins Production, Inc. and then provide the Court with a Status Report by November 15, 2024, to include if it is requesting that stay entered at ECF No. 98 be lifted.

DATED this 5th day of November 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[1] Because the jury determined that Otter's use exceeded the scope any implied license, the Court declines to consider whether Plaintiff revoked the implied licenses.

5