IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-02551-CNS-KAS
*consolidated with 1:21-cv-00068-CNS-KAS*

THE CAPTURE ELEVEN GROUP, a California corporation,

    Plaintiff/Counter-Defendant,

v.

OTTER PRODUCTS, LLC, a Colorado limited liability company,

    Defendant/Counter-Claimant/Third-Party Plaintiff,

v.

VERITY HOSKINS PRODUCTION, INC.,

    Third-Party Defendant.

---

**ORDER**

---

    Before the Court is the parties' Joint Statement Regarding Stipulated Motion for Amended Certification of Finality. ECF No. 364. In their joint statement, the parties "request [that the] Court enter an order on the stipulated motion as an instructive ruling" under Federal Rule of Civil Procedure 62.1(a). *Id.* at 1. For the following reasons, the Court DENIES the parties' request.

    *First*, the parties acknowledge—as they must—that the Court "may no longer have jurisdiction to amend its original certification without the appellate court's leave." ECF No. 364 at 3. Indeed, the "general rule depriv[es] the district court of authority to rule on

1

matters once the case is in the court of appeals." *United States v. Madrid*, 633 F.3d 1222, 1227 (10th Cir. 2011).

*Second*, the parties seek to sidestep this "general rule," *id.*, by asking the Court to issue an "instructive ruling" under Rule 62.1. *See* ECF No. 364 at 4. But the parties themselves cite analogous and persuasive caselaw demonstrating why doing so would be inappropriate. *See Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1168 (9th Cir. 2003) (concluding "that the district court did not have jurisdiction to enter [a] second Rule 54(b) certification" when "the issue of the sufficiency of the first certification [was] already before" the Ninth Circuit on appeal).

*Third*, the Court agrees with *Norton* that, fundamentally, "[c]onfusion is exactly what results when the district court purports to amend a Rule 54(b) certification order whose sufficiency is then under consideration by the appellate court." *Id.*; *see also Madrid*, 633 F.3d at 1227 ("[I]t should improve overall judicial efficiency to stick with fairly clear guidelines regarding the division of labor between the district court and the court of appeals."). The Court declines to generate that confusion, especially where the parties acknowledge the Tenth Circuit's appellate jurisdiction, and the Tenth Circuit has already referred the parties' jurisdictional briefs to the merits panel. *See* Case No. 25-1190, Dkt. No. 29; ECF No. 364 at 4.

Accordingly, the Court denies the parties' request for a ruling on the pending stipulated motion, and "defer[s] consideration" of the motion pending appeal. Fed. R. Civ. P. 62.1(a)(1). *See also* ECF No. 364 at 5; ECF No. 362.

DATED this 13th day of August 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge